UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNETTE RODGERS, CARMEN KNIGHT, CARMEN KNIGHT, TAMIE RICH, KATRINA TATE-ANDERSON, JAUNICE FLOWERS, CHERYL SHARPLEY, ANTHONY COOPER, SARAH JENKINS, WENDELL FINLEY, ARECIA STEVENS, CRYSTAL ALLEN-CRUCE, YOLANDA JOHNSON, KEITH CARTER, DORNITA CLEVELAND, ALVITA MOSS, LAURA HILL, and YVONNE MALVAUX

    Case No. 10-11799
    Honorable Julian Abele Cook, Jr.

       Plaintiffs,

  v.

36th DISTRICT COURT, and MARYLIN E. ATKINS

       Defendants.

ORDER

This is a case in which seventeen former employees of the 36th Judicial District Court in Detroit, Michigan have accused the Defendants (the 36th Judicial District Court and Chief Judge Marylin E. Atkins) of violating their fundamental rights under the Due Process clause of the United States Constitution. In their complaint, the Plaintiffs have maintained that the Defendants deprived them of their fundamental property interests as court employees without any notice or a hearing. On August 24, 2011, this Court denied the Plaintiffs' motion for summary judgment in its entirety. The Court also denied in part and granted in part the Defendants' companion dispositive motion for the entry of a summary judgment. In particular, the Court granted the Defendants' request to

1

dismiss the then pending action against the 36th District and Chief Judge Atkins in her official capacity on the basis of sovereign immunity. Additionally, the Court dismissed the claims of three Plaintiffs (Malvaux, Johnson, and Cleveland).

Now before the Court is the Plaintiffs' motion to reconsider its prior order.

I.

In its evaluation of a motion to reconsider, this Court - acting pursuant to E.D. Mich. LR 7.1(h)(3) - must determine if the movant has established (1) a "palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been mislead;" and (2) that a correction of the alleged defect would alter the disposition of the case. E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is defined as a defect which is obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D. Mich.2002) (internal citation omitted).

However, our Local Rules dictate that motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The Sixth Circuit has held that the "palpable defect" standard for reconsideration this Local Rule is consistent with the standard for amending or altering a judgment under Federal Rule of Civil Procedure 59(e). *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir.2006).

II.

In its August 24, 2011 order, the Court held that (1) any claims for damages raised against Chief Judge Atkins in her official capacity must be dismissed based upon sovereign immunity standards; (2) two of the Plaintiffs (Malvaux and Johnson) did not retain a property interest in their

employment; and (3) the Plaintiffs (Malvaux and Cleveland) had waived their rights to a post-termination hearing by failing to pursue their rights thereunder. In their respective motions for reconsideration, these movants contend that the findings by the Court, as noted above, constitute palpable errors.

A.

In their motion, the Plaintiffs initially argue that the Court committed a palpable error when it dismissed all of their claims against Chief Judge Atkins in her official capacity. The Plaintiffs correctly point to earlier language within the challenged order which stated that "any claims for damages which were raised against Chief Judge Atkins in her official capacity as the chief judge must be dismissed based on sovereign immunity." (Order, Docket Entry 27, p.21). Sixth Circuit precedent establishes that, although the doctrine of sovereign immunity precludes the entry of an award of damages against Chief Judge Atkins in her official capacity, it does not prevent the court from granting declaratory or injunctive relief. *See Pucci v Nineteenth District Court*, 628 F.3d 752, 765 (6th Cir.2010); *Thomson v. Harmony*, 65 F.3d 1314, 1320-1321 (6th Cir.1995). The previous Order erroneously dismissed *all* claims against Chief Judge Atkins in her official capacity. In summary, the Plaintiffs' claims against Chief Judge Atkins in her official capacity for injunctive relief should not have been removed from this litigation, and, as a consequence, this issue must be, and is, reinstated.

B.

The Plaintiffs next submit that the Court committed a palpable error when it found that two of the Plaintiffs (Malvaux and Johnson) did not retain a property interest in their employment.

All seventeen Plaintiffs are former employees of the 36th District Court and former

3

members of the American Federation of State, County and Municipal Employees, Council 25 and its affiliated Local 3308. The Union and the 36th Court entered in a collective bargaining agreement which covered July 1, 2001 through June 30, 2006. Following the expiration of the collective bargaining agreement, the parties resumed their efforts to reach a successor labor contract. The parties jointly agreed that the terms of their collective bargaining agreement would remain in effect without modification until the end of June in 2009. Although the employment of fifteen Plaintiffs was terminated prior to June 30, 2009, two of them (Malvaux and Johnson) learned of the involuntary losses of their jobs after the expiration of the collective bargaining agreement on June 30, 2009.[1]

In furtherance of their argument, the Plaintiffs submit that Malvaux and Johnson retained a property interest in their continued employment which, in turn, entitled them to basic constitutional due process protections notwithstanding the expiration of the collective bargaining agreement.

The Court had previously found that, according to the provisions within the Michigan Public Employment Relations Act ("PERA"), Mich. Comp. Laws 423.201 *et seq*, employers are obligated to maintain the status quo in the collective bargaining agreement for all mandatory subjects of bargaining until a new agreement has been achieved or the parties reach an impasse in their efforts to resolve the differences. *See Gibraltar School Dist. v. Gibraltar MESPA-Transportation* 443 Mich. 326, 336 (Mich. 1993) (following expiration of collective bargaining agreement, "an employer commits an unfair labor practice if, without bargaining to an impasse, it

---

[1] The two Plaintiffs (Johnson and Malvaux) were involuntarily terminated on August 7, 2009 and September 15, 2009, respectively.

4

effects a unilateral change of an existing term or condition of employment"); *Benton Harbor Secretarial Ass'n v. Benton Harbor Area School Bd.,* 2011 WL 3477193 *1 (Mich. App. 2011) ("neither party may take unilateral action on a mandatory subject of bargaining absent an impasse in negotiations.")  In reaching its decision regarding the property interest status of Johnson and Malvaux, the Court also determined that the parties had not reached an impasse in their labor-management negotiations. Finally, the Court concluded that termination and disciplinary procedures are declared to be mandatory subjects of collective bargaining. *See Pontiac Police Officers Ass'n v. City of Pontiac*, 397 Mich. 674, 681 (1976); *Amalgamated Transit Union v. Southeastern Michigan Transportation Authority*, 437 Mich. 441 (Mich. 1991) (disciplinary policy is term or condition of employment that cannot be unilaterally altered.).

Thus, the Plaintiffs contend that the Court must logically conclude that the dismissed Plaintiffs, Johnson and Malvaux, retained property interests in their continued employment - a status that is protected by due process. However, it is not clearly established to this Court that a procedural protection, which has been established by PERA, creates a substantive property interest which is protected by due process. Case law, which interprets how PERA protects the rights of public employees following the expiration of a collective bargaining agreement does not clearly establish a property interest in continued employment. Rather, as the Court previously determined, PERA requires negotiations to be conducted in good faith, at reasonable times, and to cover the terms and conditions of employment. PERA does not place a substantive limitation on a public employer's right to undertake adverse employment actions. *See Ash v. Board of Educ. of Woodhaven School Dist.*, 699 F.2d 822, 827 (6th Cir.1983) ("[s]ince the [collective bargaining agreement] had expired, the plaintiffs cannot rely on it as a source of their protected interests");

5

*Lake Michigan College Federation of Teachers v. Lake Michigan Community College et al*, 518 F.2d 1091, 1095 (6th Cir.1975) ("the PERA contains no comprehensive catalogue of the substantive grounds for discharge, and it gives no assurances, conditional or otherwise, of continued public employment.").

In making this argument, the movants contend that the Court incorrectly relied on these two cases. Both cases involve teachers whose jobs were terminated after they participated in an illegal strike. These Plaintiffs urge the Court to make a distinction between these cases on the basis that (1) Johnson and Malvaux did not participate in an illegal strike and (2) their negotiations had not reached an impasse. However, these factual differences do not alter the underlying legal conclusions that neither Michigan state law nor the expired contract create a protected property interest. While an employer is obligated to maintain the status quo and to refrain from taking unilateral action, this claimed protection does not rise to the level of a substantive and protected property interest. In summary, the Court does not agree with the Plaintiffs who maintain that the Court committed a palpable error regarding the claims of Johnson and Malvaux.

C.

Finally, the Plaintiffs submit that it was palpable error to dismiss the claims of Malvaux and Cleveland for failing to pursue arbitration as a matter of law. Since the Court has previously dismissed Malvaux's claim, it will only address Cleveland's claim. Her brief presents the same issues that have already been ruled upon by the Court. Cleveland's grievance request was rejected by the 36th District Court because (1) it was submitted in an untimely manner, and (2) it believed that the grievance procedure under the collective bargaining agreement had expired. Following this denial, Cleveland did not submit a grievance demand. (Docket Entry No. 12 at p. 18). As previously

determined, the record indicates that the post termination grievance process was not followed.

IV.

Therefore, and for the foregoing reasons, the Plaintiffs' motion to reconsider (Docket Entry No. 29) is denied in part and granted in part. Their request to reinstate the claims against Chief Judge Atkins in her official capacity for injunctive relief is granted. The Plaintiffs' application to reinstate the claims of three of the Plaintiffs (Malvaux, Johnson, and Cleveland) is denied.

IT IS SO ORDERED.

Date: January 10, 2012                                s/Julian Abele Cook, Jr.
                                                      JULIAN ABELE COOK, JR.
                                                      U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 10, 2012.

                                                      s/ Kay Doaks
                                                      Case Manager