UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNETTE RODGERS, *et al.*,

    Plaintiffs,

v.

MARILYN E. ATKINS,

    Defendant.

Case No. 10-cv-11799

Hon. Patrick J. Duggan

## ORDER DENYING PLAINTIFF ARNETTE RODGERS'S MOTION FOR RECONSIDERATION

In this federal civil rights action instituted pursuant to 42 U.S.C. § 1983, pro se Plaintiffs Arnette Rodgers, Katrina Anderson, Wendell Finley, and Laura Hill claimed that Defendant Marilyn E. Atkins, the former chief judge of the 36th District Court ("36th District") in Detroit, Michigan, violated their procedural due process rights secured by the Fourteenth Amendment to the United States Constitution. The case meandered through the state and federal court systems for years until July 17, 2015, the date on which this Court issued a dispositive ruling and entered judgment. Because the factual and procedural history of this action is set forth comprehensively in this Court's July 17, 2015 Opinion and Order, and because that history is not relevant to the issue presently before the Court, the Court declines to rehash that history here. For purposes of the instant order, the

Court summarizes the conclusions reached in its previous decision: (1) Plaintiffs' procedural due process rights were violated by virtue of the unreasonable delay in their receipt of constitutionally-sufficient post-termination hearings; (2) the 36th District's conduct was the precipitating cause of the due process violation; (3) despite prevailing on the merits of their due process claims, Plaintiffs failed to demonstrate an entitlement to compensatory damages; and, therefore (4) the Plaintiffs were entitled to only nominal damages from Defendant Atkins in the amount of $100.00 each.

On September 18, 2015, Plaintiff Rodgers filed a motion for reconsideration, asking this Court to revisit whether her termination was supported by good cause, as required by the collective bargaining agreement in effect at the time of her termination, as well as the nominal damages award.[1] However, under the Eastern District of Michigan's Local Rules, Plaintiff Rodgers was required to file a motion for reconsideration "within 14 days after the entry of the judgment or order." E.D. Mich. L.R. 7(h)(1). Insofar as over two months have lapsed since this Court issued its July 17, 2015 Opinion and Order, Plaintiff Rodgers's motion must be denied. Recognizing, however, that Plaintiff Rodgers is proceeding pro se, the Court will

---

[1] The nominal damages issue is actually a bifurcated one, as Plaintiff Rodgers contends that (1) she never had the opportunity to demonstrate a causal connection between her damages and her due process claim and (2) that the award of nominal damages was unreasonable under the circumstances. (ECF No. 93, Pg ID 2183.)

briefly address whether the pending motion may be construed as one filed under either Federal Rule of Civil Procedure 59(e) or Rule 60(b).

Rule 59(e) permits a court to alter or amend a judgment. However, such a motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Because more than twenty-eight days have passed since the issuance of the judgment in this action, Plaintiff's motion cannot be construed as one brought pursuant to Rule 59(e).

Rule 60(b), which governs relief from a judgment or order, provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

While Rule 60 motions "must be filed within a reasonable time[,]" Federal Rule of Civil Procedure 60(c)(1), Plaintiff Rodgers's motion does not contend that any of

the enumerated criteria are satisfied such that relief under Rule 60(b) is warranted. Rather, Plaintiff Rodgers's motion merely takes issue with the conclusions reached by the Court in its July 17, 2015 Opinion and Order.  Disagreement with a final judgment is appropriately considered by way of appeal, not by way of Rule 60.

Having determined that Plaintiff Rodgers's motion for reconsideration is untimely, and that her motion may not be construed as one pursuant to either Rule 59(e) or Rule 60(b), the Court must **DENY** the pending motion.  (ECF No. 93.)

**IT IS SO ORDERED**.

Dated: September 21, 2015

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**Arnette Rodgers**
2062 Hyde Park Dr.
Detroit, MI 48207

**Elizabeth P. Hardy, Esq.**
**Noel D. Massie, Esq.**
**Thomas G. Kienbaum, Esq.**